UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:21-cv-91-BO

JOSHUA ARNOLD, et al., )
 )
      Plaintiffs, )
v. ) ORDER
 )
TRADEWIND FLIGHT SERVICES, INC., )
et al., )
      Defendants. )

      This cause comes before the Court on plaintiffs' motion [DE 63] to voluntarily dismiss this action without prejudice pursuant to Fed. R. Civ. P. 41(a)(2) and defendants' motion [DE 70] to withdraw as counsel. In this posture, the matters are ripe for adjudication.

      Defendants organized the Aviation Management and Career Pilot Program, an Elizabeth City State University (ECSU) course targeted to students who wanted to earn their Airline Transport Pilot certificate. Plaintiffs are former ECSU students of the Pilot Program. They believed the Pilot Program was FAA certified, meaning a graduate would need 250 fewer flight hours to earn their Airline Transport Pilot certificate. However, the Pilot Program was not FAA certified. Among other things, plaintiffs contend defendants falsely claimed the Pilot Program had an FAA certification. [DE 1]. To establish subject matter jurisdiction, plaintiffs complained that defendants violated FAA regulations and the Federal Higher Education Act of 1965. [DE 1 ¶ 18].

      The case proceeded to discovery. [DE 55]. The parties served interrogatories, document requests, and depositions. They hired expert witnesses who produced written reports and were deposed. Plaintiffs now suspect this Court lacks subject matter jurisdiction and seek to voluntarily dismiss the matter so they can refile in state court.

Fed. R. Civ. P. 41(a)(2) provides that a plaintiff may voluntarily dismiss an action without prejudice on terms the Court considers proper. "The purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987). When deciding whether to grant plaintiffs' motion, this Court considers factors such as (1) the opposing party's effort and expense, (2) whether there was excessive delay and lack of diligence by the plaintiffs, (3) the stage of the litigation, and (4) the sufficiency of the explanation for the need of a dismissal. *Miller v. Terramite Corp.*, 114 Fed. App'x 536, 539 (4th Cir. 2004). The decision to grant such a motion lies within the Court's discretion. *Davis*, 819 F.2d at 1273. After extensive discovery, plaintiffs seek dismissal because they doubt they can maintain subject matter jurisdiction. Defendants oppose the dismissal on the grounds that it would be expensive to redo all the discovery. But voluntarily dismissing this case would not unfairly prejudice defendants because the discovery taken in this federal case can be used in the state case. [DE 64 at 5].

For the foregoing reasons, plaintiffs' motion [DE 63] is GRANTED. The Clerk is DIRECTED to DISMISS this action WITHOUT PREJUDICE and close the case. Given the dismissal, defendant's motion [DE 70] to withdraw as counsel is DENIED AS MOOT.

SO ORDERED, this _19_ day of May, 2023.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

2

Case 4:21-cv-00091-BO   Document 71   Filed 05/20/23   Page 2 of 2